## Stanley Milauskis, Appellee, v. Terminal Railroad Association of St. Louis, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Stanley Milauskis, plaintiff, against Terminal Railroad Association of St. Louis, defendant, to recover damages for personal injuries due to being struck by one of defendant's trains while walking along one of its tracks. From a judgment for plaintiff for $2,000, defendant appeals.

T. M. PIERCE and KRAMER, KRAMER & CAMPBELL, for appellant.

PAUL IROSE and KEEFE, HADLEY & BAXTER, for appellee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Milauskis v. Terminal R. Assn. of St. Louis, 211 Ill. App. 120.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Railroads, § 517*—*what duty owed to trespasser.* A railroad company owes no greater duty to a trespasser than to refrain from wilfully or wantonly injuring him.

2. Negligence, § 23*—*when person may lawfully enter on premises of another.* One need not be specifically engaged in the work of the owner of premises before he can lawfully enter on the premises, and it is sufficient if he is engaged in work the prosecution of which implies that he should enter upon such premises, or if there is an expressed invitation to enter upon the premises.

3. Railroads, § 508*—*what constitutes express invitation to employee of third person to use way along track.* There is an express invitation for the entry upon the premises of a railroad company by the employee of a car line company so as not to constitute such employee a trespasser at the time he is struck by one of the railroad company's cars, while on his way on a beaten path along the railroad track from the car line company's plant to an ice house, from which he had gone to the office to cash a check, where the work of icing cars to be carried by the railroad company was necessary and the railroad company had designated to the employer that the beaten path should be used as the route between the car line company's office and the ice house.

4. Negligence, § 250*—*when finding as to due care is conclusive.* Where there is any evidence fairly tending to show due care, or circumstances from which such may be inferred, the finding of a jury on such question is conclusive.

5. Railroads, § 589*—*when negligence in striking pedestrian walking along track and contributory negligence of pedestrian are questions for jury.* In an action by the employee of a car line company against a railroad company to recover damages for personal injuries, sustained as the result of being struck by one of the cars of defendant's train while plaintiff was walking on a beaten path for the use of himself and other employees along the railroad track, where it appeared that the car was being run backwards without any brakeman or other person upon it to control it and without giving any warning by which plaintiff or any of his associates accompanying him could learn of its approach, it was a question for the jury whether defendant was negligent and whether plaintiff was guilty of contributory negligence.

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

6. LIMITATION OF ACTIONS, § 72*—*what does not constitute statement of new cause of action against railroad company for negligent injuries.* The effect of the amendment, three years after the happening of the injury to an employee of a car line company by a car of a railroad company while walking along defendant's track, of a declaration for negligence charging that "Armour & Company" owned and operated the ice house at which plaintiff was working and that he was an employee of such company, that the right to use the path was given to employees of Armour & Company and that his right arm was amputated, so as to state that the ice house was owned by the "Armour Car Lines," that plaintiff was an employee of such latter company, that the right to use the path was given to the employees of such latter company, and that plaintiff's left arm and the finger of his right arm were amputated, was simply to avoid a variance and it did not constitute the statement of a new cause of action, it being unquestioned that plaintiff was on defendant's premises by invitation, so as render the questions of the ownership of the ice house and of the name of the employer immaterial.